1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | |
| Plaintiff, ) | CV 11-250-TUC-DCB |
| v. ) | |
| Hilda A. Hernandez & Elvia Callahan, ) | |
| Defendants. ) | **ORDER** |
| _____ ) | |

On April 25, 2011, the Internal Revenue Service on behalf of the United States filed this action against the Defendants under the Arizona Fraudulent Transfer Act (AFTA), A.R.S. § 44-1001-1010.  The Government seeks a money judgment against Defendants for the value they received as a result of an alleged fraudulent transfer from Alfonso's Carnitas Inc. of real property at the location where it operated Alfonso's Carnitas.  The judgment amount represents $47,059.00 for employment taxes, interest, late fees and penalties that Alfonso's Carnitas Inc., owes from 2003 through 2007.

To succeed on its claim, the Government must establish its creditor status, a property transfer, and actual or constructive fraud on the part of the transferor.  The Magistrate Judge found the Government prevailed as to Defendant Hernandez, and recommends the Court grant summary judgment for the Government as to her.  The Magistrate Judge, however, found that material questions of fact remain in dispute as to Defendant Callahan, which prevent summary judgment being entered against her.

The Court accepts and adopts the Magistrate Judge's R&R as the findings of fact and conclusions of law of this Court and grants the Motion for Summary Judgment in part and denies it in part.  The Court denies the Defendants' motions, which were appropriately

1  treated by the Magistrate Judge as Defendant's opposition to the Government's Motion for

2  Summary Judgment.

3                                    **STANDARD OF REVIEW**

4      The duties of the district court in connection with a R&R by a Magistrate Judge are set

5  forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The

6  district court may "accept, reject, or modify, in whole or in part, the findings or

7  recommendations made by the magistrate judge." Fed.R.Civ.P. 72(b); 28 U.S.C. § 636(b)(1).

8  Where the parties object to a Report and Recommendation, "'[a] judge of the [district] court

9  shall make a *de novo* determination of those portions of the [R&R] to which objection is

10 made.'" *Thomas v. Arn,* 474 U.S. 140, 149-50 (1985) (quoting 28 U.S.C. § 636(b)(1)).

11     This Court's ruling is a *de novo* determination as to those portions of the R&R to which

12 there are objections.  28 U.S.C. § 636(b)(1)(C); *Wang v. Masaitis,* 416 F.3d 992, 1000 n. 13

13 (9th Cir.2005); *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121-22 (9th Cir.2003) (*en

14 banc*).  To the extent that no objection has been made, arguments to the contrary have been

15 waived.  Fed. R. Civ. P. 72; *see* 28 U.S.C. § 636(b)(1) (objections are waived if they are not

16 filed within fourteen days of service of the Report and Recommendation), *see also  McCall

17 v. Andrus*, 628 F.2d 1185, 1187 (9th Cir. 1980) (failure to object to Magistrate's report

18 waives right to do so on appeal); Advisory Committee Notes to Fed. R. Civ. P. 72 (citing

19 *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974) (when no timely

20 objection is filed, the court need only satisfy itself that there is no clear error on the face of

21 the record in order to accept the recommendation)).

22     The parties were sent copies of the R&R and instructed that, pursuant to 28 U.S.C. §

23 636(b)(1), they had 14 days to file written objections.  *See also,* Fed. R. Civ. P. 72 (party

24 objecting to the recommended disposition has fourteen (14) days to file specific, written

25 objections). The Court has considered the objection filed by the Defendants, and the parties'

26 briefs considered by the Magistrate Judge in deciding the motions.

27

28

1

**OBJECTIONS**

2

3

4

5

6

7

8

9

10

The Defendant Hernandez objects to the Magistrate Judge's R&R.  She alleges wrongdoing on the part of IRS agents by fabricating new names to cover their mistakes. The Court believes she is referring to the IRS records which reflect Alfonsa's Carnitas Inc., as the corporate entity that owes the employment taxes instead of Alfonso's Carnitas, Inc., and that when the property was sold to the Salvation Army, the IRS collected only $26,000 in back taxes instead of the $47,000 it now says is past due.  She claims she was not an insider because she was not the Secretary of Alfonso's legal corporation; she was not responsible to pay the employment taxes, and that for 2005, 2006, and 2007, that Alfonso's Carnitas Inc./Alfonso Carnitas Jalisco was under the protection of the bankruptcy court.

11

12

13

14

15

16

17

18

19

20

21

In is undisputed that Alfonso's Carnitas was owned by Alfonso Perez, who stopped operating the business and "sold" it to Alfonso's Carnitas Inc., a corporate entity created by Rogelio Hernandez, sometime around 2003 and, thereafter, Alfonso's Carnitas Jalisco was operated by Rogelio Hernandez.  Corporation records reflect Rogelio as President of Alfonso's Carnitas Inc., his brother Michael as Secretary, and his mother Hilda, as Treasurer. *See* (Doc. 28-5, Ex. 15: Corporation Commission Annual Report at 2.) Sometime in 2003, Alfonso Perez filed for bankruptcy, which resulted in the 2007 sale to Alfonso's Carnitas Inc. of the real property, including the building, where Alfonso's Carnitas Jalisco was located on South 6th in Tucson, Arizona.  The bankruptcy proceedings related to Alfonso Perez are not relevant to the employment taxes owed by Alfonso's Carnitas Inc.

22

23

24

In her Objection, Defendant Hernandez does not dispute that employment sales tax is owed by the corporation known to the IRS as Alfonsa's Carnitas, and that Rogelio Hernandez is her son.  (Doc. 46: Objection at 3.)

25

26

27

28

The title documents reflect that on May 3, 2007, the property was sold by Alfonso Perez to Alfonso's Carnitas Inc. for a total of $533,005.75, of which $400,000 was the sale price, with Mr. Perez carrying back $150,675, plus $133,005.75 in other settlement charges, which

1  included tax liens and delinquencies on the property.  To secure the money for the

2  transaction, Hilda Hernandez and Defendant Elvia Callahan, a cousin/niece, obtained a loan

3  from Applewood Funding in the amount of $325,000.  A Warranty Deed was executed on

4  April 30, 2007, conveying the property from Mr. Perez to Alfonso's Carnitas Inc.

5      The day after the Perez-Alfonso' Carnitas Inc. sale, Alfonso's Carnitas Inc. transferred

6  title to Hilda Hernandez and Elvia Callahan, as joint tenants with right of survivorship for

7  consideration of ten dollars.  The Joint Tenancy Deed was recorded on May 9, 2007.  Six

8  months later, November 30, 2007, the Defendants sold the property to the Salvation Army

9  for $560,000.  The escrow proceeds paid off the Applewood funding and $25,583 in back

10 taxes owed personally by Hilda Hernandez.  The IRS failed to recover the employment taxes

11 due from Alfonso Carnitas Inc.

12     The IRS holds a tax lien, recorded on July 5, 2005.  (Doc. 28-3: Statement of Facts at

13 21.)  The.  The IRS alleges that the transfer of the property from Alfonso's Carnitas Inc. to

14 the Defendants avoided the tax lien and was a fraudulent transfer to insiders, which was

15 made with the intent to hinder, delay, or defraud the United States under the provisions of

16 the Federal Debt Collection Procedure Act, 28 U.S.C. §§ 3301, *et seq.*, and under the AFTA,

17 A.R.S. § 44-1001 *et seq.*

18     The tax lien was recorded against Alfonsa's Carnitas tax id # xx xxx8725.  The name is

19 wrong, but the tax id number is undisputably the tax number for Alfonso's Carnitas, Inc.

20 There is a tax id # for Alfonso's Carnitas, xx-xxx9128, but there are no master files for this

21 entity and all tax returns for Alfonso's Carnitas have been filed under #xx xxx8725.  (Doc.

22 28-6: Turner Declaration ¶¶ 4-6.)  This Court agrees with the Magistrate Judge that the name

23 confusion is a red herring.  There was no question that Alfonso' Carnitas Inc. owed

24 employment taxes because Rogelio Hernandez was in contact with the IRS and aware of the

25 Federal Tax Liens filed in respect to employment tax due under the xx xxx8725 EIN.  The

26 Court finds there may have been some confusion, but there was no wrongdoing on the part

27 of IRS agents to fabricate new names to cover up mistakes.

28

1   The Court also finds that it was not wrong for the IRS to collect $26,000 in personal tax

2   owed by Hilda Hernandez upon the sale of the property to the Salvation Army.  The tax lien

3   against Hilda was recorded on August 28, 2007.  There is no evidence that Defendant

4   Hernandez informed the IRS that the tax lien for Alfonso's Carnitas should be also be paid

5   from the Salvation Army sale proceeds.  As Rogelio testified at his deposition, he

6   understood the sale to the Salvation Army would benefit Alfonso's Carnitas Inc., by paying

7   off whatever taxes were owed, whoever was owed.  As the Magistrate Judge noted, this did

8   not happen.  The sale paid off the Applewood funding, Defendant Hernandez's personal tax

9   debt, and reimbursed Defendant Callahan between $40 to $50,000 for the monthly loan

10  payments she had made on the Applewood funding.  There was approximately $135,000 to

11  $145,000 remaining, which remained in Defendant Hernandez' control.  Most importantly, it

12  is undisputed that approximately $47,000 in employment tax remains due and owing from

13  Alfonso's Carnitas Inc.

14      To succeed with its claim, the United States must establish its creditor status, a property

15  transfer, and actual or constructive fraud on the part of the transferor.  The Court agrees with

16  the Magistrate Judge's assessment.  First it is undisputed that Alfonso's Carnitas Inc. owes

17  unpaid employment taxes under EIN xx-xxx8725, the EIN number under which it was

18  operated and filed returns.  The United States is, therefore a creditor.  (R&R at 8-9.)

19      It is also undisputed that the Alfonso's Carnitas Inc. transferred the property at issue

20  here to the Defendants by a Joint Tenancy Deed, recorded on May 9, 2007.  *Id.* at 9.  It is

21  undisputed that the Defendants are blood-relatives of Rogelio Hernandez, the President of

22  Alfonso's Carnitas Inc. and owner of Alfonso's Carnitas, and that Hilda is his mother and

23  Treasurer of Alfonso's Carnitas Inc.  No reasonable juror could find the Defendants are not

24  insiders.  The ten dollars received by Alfonso's Carnitas Inc for the transfer establishes that

25  there was no consideration received reasonably equivalent in value to the asset transferred.

26  It is undisputed that Alfonso's Carnitas Inc. retained possession and control of the property

27  after the transfer; the transfer involved substantially all the assets of the debtor, Alfonso's

28  Carnitas Inc., and Alfonso's Carnitas Inc. became insolvent after the transfer.  The Court

1   agrees with the Magistrate Judge that an overwhelming number of the statutory factors for a

2   finding of actual fraud exist in this case.  (R&R at 9-14.)

3       The Defendants must come forward with "strong, clear evidence" to repel the

4   conclusion of fraudulent intent because several badges of intent are present in this case.

5   *Gerow v. Covill*, 960P.2d 55, 63 (Ariz. App. 1998).  The Court agrees with the Magistrate

6   Judge that as to Defendant Hilda Hernandez, due to her involvement as an officer of

7   Alfonso's Inc, her assertions that the IRS or the Title Company made mistakes are

8   insufficient.  The Court finds, as a matter of law pursuant to the AFTA, that the transfer

9   from Alfonso's Carnitas Inc. to the Defendants to be sold to the Salvation Army, thereafter,

10  was intentionally fraudulent.

11      The Magistrate Judge correctly found that at a minimum, the Government has

12  established constructive fraud because: the debtor, Alfonso's Carnitas Inc., made the transfer

13  without receiving reasonable consideration and the debtor was insolvent at the time or

14  became insolvent as a result of the transfer.  A.R.S. § 44-1005.  Defendant Callahan cannot

15  escape this finding.

16      The Magistrate Judge correctly recommends that Summary Judgment be entered only as

17  to Defendant Hernandez because material issues of fact exist as to Defendant Callahan.  She

18  was not an officer of Alfonso's Carnitas Inc. and there remains a question of whether she

19  knew about the tax lien against it.  It is undisputed that she made the payments on the

20  $325,000 Applewood loan.  "'A good-faith transferee is entitled, to the extent of the value

21  given the debtor for the transfer or obligation, to . . . [a] reduction in the amount of liability

22  on the judgment.'"  (R&R at 16 (quoting A.R.S. § 44-1008(D)(3)."

23                              **CONCLUSION**

24

25      After *de novo* review of the issues raised in Defendants' Objection, this Court agrees

26  with the findings of fact and conclusions of law made by the Magistrate Judge in her R&R

27  for determining the pending Motion for Summary Judgment.  The Court adopts it, and for

28

1   the reasons stated in the R&R, the Court grants it in part as to Defendant Hernandez and

2   denies it in part as to Defendant Callahan.

3   **Accordingly,**

4   **IT IS ORDERED** that after a full and independent review of the record, in respect to

5   the objections, the Magistrate Judge's Report and Recommendation (Doc. 45) is accepted

6   and adopted as the findings of fact and conclusions of law of this Court.

7   **IT IS FURTHER ORDERED** that the Government's Motion for Summary Judgment

8   (document 28) is GRANTED IN PART AND DENIED IN PART.

9   **IT IS FURTHER ORDERED** that the Motion to Dismiss (Doc. 29) is DENIED and

10  treated herein as the Response to the Motion for Summary Judgment.

11  **IT IS FURTHER ORDERED** WITHDRAWING THE REFERENCE from Magistrate

12  Judge Rateau.  This matter shall be tried as to Defendant Callahan by the Honorable David

13  C. Bury.

14  **IT IS FURTHER ORDERED** that the parties shall file a Joint Pretrial Order by March

15  3, 2013. (*See* attached form of Order.)

16

17  **IT IS FURTHER ORDERED** that the Clerk of the Court shall enter Judgment for the

18  Government and against Defendant Hernandez.

19  DATED this 20th day of February, 2013.

20

21

22

23                                          David C. Bury
                                            United States District Judge

24

25

26

27

28

1
2
3
4

**FORM OF PRETRIAL ORDER**

5

**IN THE UNITED STATES DISTRICT COURT**

6

**FOR THE DISTRICT OF ARIZONA**

7
8
9

Plaintiff,

10
11

v.

CV          TUC DCB

12

**JOINT PROPOSED PRETRIAL ORDER**

13

Defendant.

14
15
16

(Although the text of the pretrial order appears in single space, the actual order submitted by

17

the parties must be double spaced and conform in all other respects to the Local Rules.)

18

The following are pretrial proceedings in this cause as agreed to by the parties and

19

approved by the Court:

20
21

I. <u>NATURE OF ACTION</u>

This is an action for: (Short concise statement of the case, including the nature of the

22

action and the relief sought.)

23

II. <u>STATEMENT OF JURISDICTION</u>

24

Statement of jurisdiction: (state the claims and cite the statutes which give this Court

25

jurisdiction over each claim.)

26

III. <u>CONTESTED ISSUES OF LAW/FACT</u>

State the ultimate issues of fact and law which must be decided at trial.  State only the

27

issues of fact and law necessary and material for a verdict in this case.  Each issue must be

28

stated separately and specifically.

1
2
IV.  LIST OF EXHIBITS
     Each party shall list the exhibits it intends to offer at trial.

3
4
V.  LIST OF WITNESSES
     Each party shall list the witnesses it intends to call at trial.

5
6
VI.  JURY TRIAL or BENCH TRIAL
     The parties shall state whether the trial is a jury or bench trial.

7
8
9
10
     For a Jury Trial
     At the Pretrial Conference, the Court will direct the parties to file proposed voir dire, objections to exhibits, deposition testimony, stipulated jury instructions, stipulations, counsel's additional proposed jury instructions, motions in limine, and trial memoranda 20 days prior to trial.  Any opposition shall be filed five days thereafter.

11
12
13
     For a Bench Trial
     At the Pretrial Conference, the Court will direct the parties to file trial briefs, objections to exhibits, motions in limine, stipulations, and proposed findings of fact and conclusions of law 20 days prior to trial.  Any opposition shall be filed five days thereafter.

14
15
VII.  PROBABLE LENGTH OF TRIAL
     Each party shall identify the estimated length of time it will take to present its case.

16
17
**VIII.  CERTIFICATION**
     **The undersigned counsel for each of the parties in this action do hereby approve and certify the form and content of this proposed Joint Pretrial Order.**

18
19
_____          _____
Attorney for Plaintiff                                    Attorney for Defendant

20

21

22

23

24

25

26

27

28