WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Hilda A. Hernandez and Elvia Callahan,<br><br>　　　　Defendants. | No. CV-11-00250-TUC-DCB<br><br>**ORDER** |

　　　　On April 25, 2011, the United States filed an action against the Defendants, Hilda Hernandez and Elvia Callahan, under the Arizona Fraudulent Transfer Act (AFTA), A.R.S. § 44-1001-1010. The Government sued Defendants for the value they received as a result of an alleged fraudulent transfer of real property at the location where Alfonso's Carnitas, Inc. operated Alfonso's Carnitas restaurant. The judgment amount represents $47,059 for unpaid employment taxes, interest, late fees, and penalties that Alfonso's Carnitas, Inc. owes the IRS from 2003 through 2007.

　　　　To succeed on its claim, the Government must establish its creditor status, a property transfer, and actual or constructive fraud on the part of the transferor. In a prior Report and Recommendation, the Magistrate Judge found the Government prevailed as to Defendant Hernandez and recommended the Court grant summary judgment for the Government as to her. However, the Magistrate Judge found material questions of fact remained in dispute as to Defendant Callahan, which would prevent summary judgment being entered against her.

On February 20, 2013, the Court accepted and adopted the Magistrate Judge's R&R as its findings of fact and conclusions of law. The Court granted Judgment for the Government against Defendant Hernandez. The Court did not grant summary judgment against Defendant Callahan because it appeared she may be a good-faith transferee. The Court ordered the Plaintiff and Defendant Callahan to file a Joint Pretrial Order and subsequently appointed counsel to serve *pro bono* on behalf of Defendant Callahan.

On April 9, 2013, the Joint Proposed Pretrial Order was filed. It identified two remaining factual issues to be tried and decided: (1) Ms. Callahan's subjective unawareness of the government's tax lien against the property, and (2) the amount of Ms. Callahan's payments on the loan. According to the Defendant, neither of these issues were raised in the original Answer.

On April 1, 2013, the Defendant filed a Motion for Leave to File an Amended Answer. The proposed Amended Answer includes a demand for trial by jury on all the factual issues not previously raised in the original Answer. The Government does not object to the Defendant's Amended Answer, but objects to the Defendant's request for a jury trial. The Court allows Defendant Callahan to amend her Answer, which is her first pleading to be properly filed with the Court.  Defendant Hernandez filed the first Answer, *pro se*.  It was not signed by Defendant Callahan. While a non-attorney may appear *pro se* on his own behalf, "[sh]e has no authority to appear as an attorney for others than [herself]." *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) (citing *C.E. Pope Equity Trust v. Unites States*, 818 F.2d 696, 697 (9th Cir. 1987)). Defendant Hernandez could not answer for Defendant Callahan.

The Court allows the Amended Answer including Defendant's timely jury demand as to new matters. Fed. R. Civ. P. 38(b)(1). The Government claims the Defendant's Amended Answer does not raise any new issues for trial that were not already stated in the initial Answer filed by Defendant Hernandez. The Court finds the initial Answer filed by Defendant Hernandez and the proposed Amended Answer filed by Defendant Callahan to be quite different. The first did not touch on Defendant Callahan's subjective

good faith. Nor did it state the amount of the Defendant's payments on the loan or her entitlement to an offset. The proposed Amended Answer directly raises these two issues left to be tried – raising them for the first time in a pleading properly filed by Defendant Callahan.

Conclusion

Since the Court is granting Defendant Callahan's request for leave to file an Amended Answer, her jury demand is timely as to all new issues raised by the Amended Answer, which are the issues remaining for trial.

Accordingly,

IT IS ORDERED that the Motion for Leave to File Amended Answer and Motion for Jury Trial (Doc. 54) are GRANTED.

Dated this 6th day of August, 2013.

David C. Bury
United States District Judge